PER CURIAM.
In the instant appeal, we determine whether the trial court erred in denying Appellants’ motion for a directed verdict which sought to establish that Appellant Edward Ennis and George Purvis purchased 100% ownership interest in two corporations despite a letter, written and signed by the sellei's of such ownership interest prior to the sale, that pledged a certain percentage in each corporation to Appellee Herbert Phillips.
Appellant, Edward Ennis, Jr., along with George Purvis, purchased all of the interest owned by two brothers, Eric and Michael Petosa, in two corporations, Herb Phillips Yacht Sales, Inc. and Striker Yacht Corporation. Herb Phillips operated the two corporations which the Petosa brothers financially supported. In 1997, prior to the execution of the sale, the Petosa brothers wrote a letter to Phillips pledging to give him a certain percentage ownership interest in both corporations for his involvement in the business. No shares of said corporations were issued prior to the letter’s execution, nor were any shares distributed after the letter was executed and prior to the sale between the Petosa brothers, Ennis and Purvis. Ennis and Purvis were unaware of the letter at the time of the sale.
After the sale was completed, Phillips continued to be involved in the operation of the two corporations with Ennis and Purvis. However, the parties began to disagree about the operation of the businesses. The disagreements ultimately resulted in litigation in which there was a dispute over ownership of the two corporations. Ennis and Purvis claimed a one hundred percent ownership interest and Phillips asserted that he owned a certain percentage in each corporation pursuant to the letter given to him from the Petosa brothers. The parties went to trial and a verdict was returned in favor of Phillips. The final judgment adjudged Phillips’s ownership interest in accordance with .the letter written by the Petosa brothers.
Appellants argue that the letter is insufficient to sustain the verdict and therefore the trial court erred in denying their request for a directed verdict on this issue. Intention to transfer securities, even with extrinsic evidence of such intention, does not satisfy the requirement of the Uniform Commercial Code or the common law to effectuate such transfer. Sackett v. Shahid, 722 So.2d 273, 276 (Fla. 1st DCA 1998). The requirement of the UCC discussed in Sackett was codified at section 678.313(1), Florida Statutes (1997), which provided in relevant part that: “Transfer of a security ... to a purchaser occurs only: (a) At the time the purchaser ... acquires possession of a certificated security; (b) At the time the transfer ... of an uncertificated security is registered to the purchaser ...” As the court pointed out in Sackett, this section was substantially revised in 1998. Sackett, 722 So.2d at 276 n. 3. However, in 1997, at the time the letter at issue was written, the statute relied upon in Sackett was still in effect. Even where the UCC is not applicable, such as in assessing the validity of a gift of securities, the common law looks to formalities in determining if a transfer has been effectuated requiring the securities be delivered or a transfer be made on the corporate books and records. Id. at 276.
The only evidence in the instant case to support a finding that the Petosa brothers transferred an ownership interest in each of the two corporations to Phillips is the letter. In Sackett, the record merely contained an unexecuted document purporting to transfer stock from the sole *315 shareholder to him and his wife as tenants by the entireties. Id. at 274. The first district, after discussing the importance of formalities in corporate law, found that such document was insufficient as a matter of law to transfer the stock in question. Id. at 276. Based on the language of section 678.313, Florida Statutes, and the reasoning in Sackett, a directed verdict should have been entered in the instant case where the letter was insufficient as a matter of law to support a finding that any ownership interest in the two corporations was transferred to Phillips. We conclude that the trial court erred in denying appellants’ motion for directed verdict.
Appellants also raised the insufficiency and speculative nature of the damages evidence. However, given the disposition of this appeal, it is not necessary to address whether Phillips’s testimony was sufficient to support the damage award. This case is reversed and remanded for entry of a final judgment in favor of Appellants as to their ownership interest in the two corporations.
REVERSED and REMANDED.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.